# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| KENNETH DINKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17-cv-01089-JAD-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GERALDINE SCHINZEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Sanctions, Motion for Protective Order, and Motion for Attorney's Fees (ECF No. 29), filed on August 23, 2017. Plaintiff filed his Opposition (ECF No. 33) on August 25, 2017. Defendant filed her Reply (ECF No. 36) on August 29, 2017.

## BACKGROUND

This matter arises from allegations of defamation, intentional infliction of emotional distress, tortious interference with business relationship, and assault stemming from a real property transaction. *See* Complaint (ECF No. 1). Defendant represents that Plaintiff supplemented Fed. R. Civ. P. 26 disclosures with documents regarding Defendant's counsel's suspension from the State Bar of Nevada. Defendant requests an order protecting from disclosure documents related to Defendant's counsel's legal issues unrelated to this matter as well as sanctions and attorney's fees. Plaintiff argues that the Defendant failed to engage in a meet and confer conference as required by the Local Rules. Plaintiff further argues that such information is public and is relevant to potentially impeach Defendant.

. . .

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When a party moves for a protective order, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Youngevity Int'l, Inc. v. Smith*, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Youngevity Int'l, Inc.*, 2017 WL 2692928, at *3. If the court finds that a protective order is appropriate, it may forbid the disclosure, forbid inquiry into certain matters, specify the terms for discovery, or limit the scope of discovery. Fed. R. Civ. P. 26(c)(1).

Defendant's counsel is not a party to this matter. Nor is he a witness to the facts underlying this case. Plaintiff disclosed documents regarding Defendant's counsel that are not relevant to the issues of this matter. The Court, therefore, grants Defendant's request for a protective order and instructs Plaintiff to withdraw his disclosures related to Defendant's counsel and to limit the scope of his disclosures to relevant facts, claims or defenses. Plaintiff shall not disclose or inquire into Defendant's counsel's personal or professional matters as they are irrelevant to the issues of this case.

Fed. R. Civ. P. governs discovery sanctions and provides for sanctions against a party that fails to comply with discovery orders. Issuance and violation of a discovery order is not always a prerequisite to the imposition of sanctions. *Wysocki v. Dourian*, 2017 WL 3996398, at *2 (D. Nev. Sept. 11, 2017) (citing *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981)). Defendant seeks an award of attorney's fees in bringing her motion. An award of sanctions against Plaintiff is not

warranted in this instance. Plaintiff is *pro se* and, although required to comply with the Federal Rules of Evidence and Federal Rules of Civil Procedure, the Court affords some leniency to *pro se* litigants. To the Court's knowledge, Plaintiff has not been previously sanctioned. He is, however, cautioned that failure to comply with this Court's order and attempts to introduce Defendant's counsel's alleged bar discipline may result in an award of monetary or dispositive sanctions including dismissal of his complaint. Accordingly,

   **IT IS HEREBY ORDERED** Defendant's Motion for Sanctions, Motion for Protective Order, and Motion for Attorney's Fees (ECF No. 29) is **granted**, in part, and **denied**, in part. The Court grants Defendant's request for a protective order and denies Defendant's request for sanctions and attorney's fees.

   DATED this 15th day of September, 2017.


                                          _____
                                          GEORGE FOLEY, JR.
                                          United States Magistrate Judge