# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH DINKINS,

    Plaintiff,

vs.

GERALDINE SCHINZEL,

    Defendants.

Case No. 2:17-cv-01089-JAD-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Quash Unserved Subpoena (ECF No. 30), filed on August 23, 2017. Defendant filed her Response (ECF No. 32) on August 28, 2017. Plaintiff filed his Reply (ECF No. 40) on September 5, 2017. Also before the Court is Defendant's Motion for Sanctions (ECF No. 34), filed on August 28, 2017. Plaintiff filed his Response (ECF No. 38) on September 5, 2017. Defendant filed her Reply (ECF No. 43) on September 8, 2017.

## BACKGROUND

On August 22, 2017, a process server attempted to serve a subpoena to testify on Tina Jackson at Plaintiff's residence. While attempting to serve the subpoena, the process server encountered Plaintiff in his garage. He instructed the process server to leave his property and the process server was unable to effectuate service. Plaintiff requests that the Court quash the unserved subpoena because Defendant did not list Tina Jackson as a witness on Defendant's Fed. R. Civ. P. 26 disclosures. Plaintiff further argues that the subpoena is an attempt to harass him. Defendant represents that she served a notice of deposition on Ms. Jackson on June 21, 2017 because she believes Ms. Jackson has knowledge of real property sales relating to Plaintiff and the claims and defenses in this matter.

1    Defendant argues that Plaintiff sought an order to quash the subpoena without supporting facts or legal authority and that Plaintiff took unlawful actions to obstruct Defendant's discovery efforts. Defendant requests monetary and dispositive sanctions pursuant to Fed. R. Civ. P. 37 and 30(d)(3). Plaintiff argues that Defendant's allegations that he threatened a legal process server lack evidentiary support and that Defendant did not provide notice of the subpoena.

## **DISCUSSION**

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 15(d)(3)(A). "[A] party lacks standing under Fed. R. Civ. P. 45[ (d)(3)(A) ] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Proficio Mortg. Ventures, LLC v. Fed. Sav. Bank*, 2016 WL 1465333, at *3 (D. Nev. Apr. 14, 2016). A party lacks standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party. *Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016). "However, a party may seek a protective order pursuant to Rule 26(c) regarding a subpoena issued to a non-party if it believes its own interest is jeopardized by the discovery sought from the non-party." *Id.* The party that moves to quash a subpoena has the burden of persuasion. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. "The Rule provides a panoply of sanctions, from the imposition of costs to entry of default." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). The court may levy sanctions based on its inherent authority to respond to abusive litigation practices or on a party's failure to obey a discovery order. *Wilson v. Wal-Mart Stores, Inc.*, 2016 WL 878494, at *2 (D. Nev.

2

Mar. 7, 2016).  The court may apply "dispositive sanctions" and dismiss a party's claim or defense. However, the court should impose dispositive sanctions only where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings."  *Grove City Veterinary Serv., LLC v. Charter Practices Int'l, LLC*, 2015 WL 4937393, at *3 (D. Or. Aug. 18, 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.2006)).  Defendant requests sanctions for Plaintiff's alleged implied threat of violence against a process server.  She argues that Fed. R. Civ. P. 30(d)(3) is analogous as it relates to the fair examination of a witness and allows for sanctions. Defendant, however, does not elucidate upon her argument for sanctions.

Plaintiff does not set forth a personal right or privilege with respect to the subject of the subpoena and, therefore, lacks standing to challenge the nonparty subpoena.  The Court, therefore, denies his motion to quash the unserved subpoena without prejudice to Plaintiff filing a motion for protective order.  As stated previously, Plaintiff is a *pro se* litigant and to the Court's knowledge has not been previously sanctioned.  Plaintiff must abide by the Federal Rules of Civil Procedure and cannot engage in abusive litigation tactics.  Defendant, however, does not set forth a sufficient basis to warrant an award of monetary or dispositive sanctions against Plaintiff in this instance.  Instructing a process server to leave one's property is not unlawful and does not justify the imposition of sanctions.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Unserved Subpoena (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 34) is **denied**.

DATED this 19th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge