UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Dinkins,<br>  Plaintiff/Counterdefendant<br>v.<br>Geraldine Schinzel,<br>  Defendant/Counterclaimant | 2:17-cv-01089-JAD-GWF<br><br>**Order Denying Motion to Dismiss and Motion for Summary Judgment, and Granting in Part Motion to Amend Counterclaim**<br><br>[ECF Nos. 23, 27, 49] |

  Geraldine Schinzel claims that Kenneth Dinkins defrauded her in a land-sale deal, and she has colorfully published her theories about Dinkins on the internet.[1] When Dinkins sued Schinzel, claiming that she has damaged his business reputation and caused him emotional distress, Schinzel counterclaimed on fraud and contract theories. Schinzel claims that, after defrauding her in the real-estate transaction, Dinkins defamed her on YouTube and elsewhere.[2]

  Dinkins moves to dismiss all of Schinzel's claims, arguing that they are meritless and offering various evidence for his position.[3] To evaluate his arguments, I would have to convert this FRCP 12(b)(6) motion into one for summary judgment, and I decline to do so at this early litigation stage, so I deny the motion. Dinkins also moves for summary judgment on his own claims. But because discovery has not been completed, I grant Schinzel's FRCP 56(d) request[4] and deny the motion without prejudice to its refiling when the record in this case

---

[1] ECF No. 1.

[2] ECF No. 21.

[3] ECF No. 23.

[4] ECF No. 42 at 27–28.

has been better developed. I then turn to Schinzel's motion to amend her counterclaim to add a claim for injunctive relief. I grant the request in part: because injunctive relief is a remedy, not a "claim," I deny the request to add a new cause of action; but Schinzel may amend her counterclaim to include injunctive relief as a component of her prayer for relief.[5]

## Discussion

### A. Dinkins's Motion to Dismiss Schinzel's Counterclaims [ECF No. 23]

The very first page of Dinkins's motion highlights the theory behind his motion for FRCP 12(b)(6) relief: "The Defendant[']s Counterclaims contain Blatant false information."[6] He spends the next 17 pages of his motion explaining why the transaction that Schinzel claims happened between herself and Dinkins was actually between an unrelated party and Dinkins, recharacterizing her allegations, offering counterfacts and affirmative defenses, and proclaiming that it was really Schinzel who was engaging in the type of conduct she accuses Dinkins of.[7]

Rule 8 of the Federal Rules of Civil Procedure requires a claimant to plead enough facts to put the subject of her claim on notice of the nature of the claim. A claim must be dismissed as insufficient under FRCP 12(b)(6) if the claimaint has failed to plead "enough facts to state a claim to relief that is plausible on its face."[8] The claimant need not provide detailed factual allegations, but she has to show "more than a sheer possibility that a defendant has acted unlawfully."[9] A true FRCP 12(b)(6) motion to dismiss tests the sufficiency of the complaint on its face,

---

[5] I find all of these matters suitable for disposition without oral argument. LR 78-1.

[6] ECF No. 23 at 1.

[7] *See generally* ECF No. 23.

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

and the court must assume all allegations in the complaint are true. So, "in ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[10] Otherwise, the motion must be converted into one for summary judgment.

Dinkins's motion, though captioned as one under FRCP 12(b)(6), does not challenge the sufficiency of the allegations in Shinzel's counterclaim; it challenges their merits. By asking the court to reject Schinzel's theories and allegations as false based on outside evidence that he attaches to his motion, Dinkins is not asking for true FRCP 12(b)(6) relief, he's asking for summary judgment. Because this case remains in its early stages with more than two months left in the discovery period and three months before summary-judgment motions are due, and because the record is not yet well developed, I do not find that it would be fair at this stage of the proceedings to convert this motion into one for summary judgment, so I decline to do so. Schinzel has pled sufficient facts to support plausible claims, and Dinkins has not demonstrated otherwise. I thus deny Dinkins's motion to dismiss Schinzel's counterclaims. If Dinkins wants to dispute the merits of Schinzel's claims, he should bring a motion for summary judgment at the appropriate time.

## B. Dinkins's Motion for Summary Judgment on His Own Claims [ECF No. 27]

Dinkins also moves for summary judgment in his favor on his claims against Schinzel, arguing that the evidence supports them.[11] In a responsive affidavit, Schinzel's counsel asks the court to delay or deny summary judgment under FRCP 56(d) because he was still waiting for Dinkins's responses to key discovery requests that are the subject of a pending motion to compel, and because additional, specific

---

[10] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[11] ECF No. 27.

discovery is still needed.[12]  Issues from that motion to compel are yet to be resolved, and supplemental briefing was only recently filed.[13]  I find that Schinzel has shown by affidavit "that, for specified reasons," she "cannot present facts essential to justify" her opposition to the motion for summary judgment, and that judicial economy dictates that Dinkins's motion for summary judgment—filed less than four months into this contentious litigation—be denied without prejudice under FRCP 56(d).  Dinkins may file a new motion for summary judgment between the close of discovery and the deadline for dispositive motions.[14]

C. Schinzel's Motion to Amend Her Counterclaim to Add a Claim for Injunctive Relief [ECF No. 49]

Schinzel has also moved to file an amended counterclaim to add a "Sixth Claim for Relief" entitled "Permanent Injunction."[15]  FRCP 15(a)(2) directs that "[t]he court should freely give leave when justice so requires."[16]  In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the movant has previously amended the complaint.[17]

This is Schinzel's first request to amend her counterclaim, and it is timely because it was filed before the October 8, 2017, deadline to amend pleadings.[18]  I

---

[12] ECF No. 42 at 27–28.

[13] *See, e.g.,* ECF Nos. 37, 46, 53, 58 (minutes), 61, and 64.

[14] *See* Scheduling Order at ECF No. 13.

[15] ECF No. 49.

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[18] *See* ECF No. 13.

4

find no evidence of bad faith, undue delay, or futility of amendment here. And considering that discovery is still ongoing and various discovery disputes remain unresolved, amendment will not cause any prejudice to Dinkins.

But there is a glaring defect in the request: injunctive relief is not a claim—it's a remedy. A permanent injunction is a form of relief that the court may grant when a plaintiff succeeds on a substantive cause of action that lends itself to this remedy.[19] So I grant the motion only in part: Schinzel may amend her counterclaim to add injunctive relief as a component of her prayer for relief; in all other respects, her motion to amend[20] is denied.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

- Dinkins's Motion to Dismiss Schinzel's Counterclaim **[ECF No. 23] is DENIED**;
- Dinkins's Motion for Summary Judgment **[ECF No. 27] is DENIED** under FRCP 56(d) without prejudice to Dinkins's ability to file a motion for summary judgment between the close of discovery and the dispositive-motion deadline; and
- Schinzel's Motion to Amend Counterclaims to Add a Claim for Injunctive Relief **[ECF No. 49] is DENIED, except that Schinzel has until November 9, 2017, to file an amended counterclaim** (she need

. . .

---

[19] *See, e.g., Fauley v. Washington Mut. Bank FA*, No. 3:13-CV-00581-AC, 2014 WL 1217852, at *9 (D. Or. Mar. 21, 2014) ("the court is convinced that Fauley's 'claim for injunctive relief' is actually a prayer for relief which the court may consider only after adjudicating her substantive causes of action").

[20] ECF No. 49.

5

not attach it to a restated answer, she can file simply an Amended Counterclaim) **to add injunctive relief as one of the remedies** sought in her prayer for relief.

DATED: October 30, 2017.

                                                  _____
                                                  U.S. District Judge Jennifer A. Dorsey