# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH DINKINS,

        Plaintiff,

vs.

GERALDINE SCHINZEL,

        Defendants.

Case No. 2:17-cv-01089-JAD-GWF

**ORDER**

This matter is before the Court on Defendant's Motion to Compel (ECF No. 37), filed on September 1, 2017. Plaintiff filed his Response (ECF No. 46) on September 18, 2017. Defendant filed her Reply (ECF No. 53) on September 21, 2017. The Court conducted a hearing in this matter on September 29, 2017. Defendant filed her Supplement to her Motion to Compel (ECF No. 61) on October 17, 2017. Plaintiff filed his Response to the Supplement (ECF No. 64) on October 20, 2017. Also before the Court is Defendant's Motion to Compel (ECF No. 75), filed on November 21, 2017. Plaintiff filed his Response (ECF No. 76) on December 4, 2017 and Defendant filed her Reply (ECF No. 77) on December 8, 2017.

## **BACKGROUND**

This matter arises from Plaintiff's allegations of defamation, intentional infliction of emotional distress, tortious interference with business relationship, and assault stemming from a real property transaction between Plaintiff and Defendant. *See* Complaint (ECF No. 1). Plaintiff alleges that Defendant published defamatory statements regarding his real estate transactions on a website causing him emotional distress and interference with his business relationships. *Id.* Defendant asserts counterclaims against Plaintiff including fraud, breach of contract, breach of

covenant of good faith and fair dealing, defamation, and invasion of privacy claims. *See* Amended Counterclaim (ECF No. 70). Defendant alleges that Plaintiff made fraudulent misrepresentations regarding real property in Arizona that he sold to Defendant, that Plaintiff breached their contract and the implied covenant of good faith and fair dealing by failing to transfer a warranty deed, and that Plaintiff published defamatory statements regarding Defendant. *Id.*

Defendant requests an order compelling Plaintiff to respond to Defendant's requests for production. Plaintiff produced redacted income tax returns and Defendant argues that Plaintiff should produce income tax returns that include paid preparer information and deductions. Defendant further requests profit and loss statements for Summit Ventures, LLC, bank statements, advertisements, documents containing communications about obtaining Plaintiff's services, documents containing defamatory statements, and property records.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

The intent of the 2015 amendments to Rule 26(b) was to encourage trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to accomplish the goal of Rule 1 "'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Roberts v. Clark County School District*, 312 F.R.D. 594, 601–04 (D. Nev. 2016). The court, quoting Chief Justice Roberts' 2015 Year-End Report, states:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process

> must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary and wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

312 F.R.D. at 603. *See also Nationstar Mortgage v. Flamingo Trails No. 7*, 316 F.R.D. 327, 331 (D.Nev. 2016).

The party opposing discovery has the burden of showing that it is irrelevant, overly broad, or unduly burdensome. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D.Ind. 2000); *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at *4 (D.Nev. Jan. 5, 2016); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 593532, at *2 (D.Nev. Feb. 11, 2016). When a request is overly broad on its face or when relevancy is not readily apparent, however, the party seeking discovery has the burden to show the relevancy of the request. *Desert Valley Painting & Drywall, Inv. v. United States*, 2012 WL 4792913, at *2 (D.Nev. Oct. 9, 2012) (citing *Marook v. State Farm Mut. Auto. Ins. Co.* 259 F.R.D. 388, 394-95 (N.D. Iowa 2009)). The 2015 amendments to Rule 26(b) have not changed these basic rules, although they must now be applied with a greater emphasis on proportionality.

**1. Tax Returns**

Discovery regarding a party's financial condition may be obtained if it is relevant to the claims or defenses in the case. *Wynn Las Vegas v. Zoggolis*, 2014 WL 2772241, *4-5 (D.Nev. June 17, 2014); *Pacific Coast Steel v. Leany*, 2011 WL 4572008 (D.Nev. September 30, 2011); *Dawe v. Corrections, USA*, 2008 WL 1849802, *5-9 (E.D.Cal. April 23, 2008); and *iSmart International Ltd. v. I-Docsecure, LLC*, 2006 WL 2263910, *2-3 (N.D.Cal. August 8, 2006). Where inquiry into a party's financial condition is of only marginal relevance and based on speculative assertions, however, the court may in its discretion deny such discovery. *Brady v. Conseco, Inc.*, 2009 WL 5218046, *2 (N.D.Cal. December 29, 2009); *Sarbacher v. Americold Realty Trust*, 2011 WL 2470681, *3 (D.Idaho June 20, 2011).

Plaintiff has already produced his income tax returns, but has redacted sections identifying the paid preparer, Summit Ventures' reductions, and personal identifying information. Defendant does not dispute that Plaintiff may redact personal identifying information including EINs, social security numbers, and names of dependents. Plaintiff argues that he is not required to hire a licensed tax

preparer and that Defendant's request is harassing and invasive. *See* Response (ECF No. 64), 2. He further represents that he provided 2015 and 2016 tax returns for Summit Ventures because those are the only years in which Summit Ventures filed its taxes. *Id.* at 3. Plaintiff's financial condition is relevant to the claims and defenses in this case and he is instructed to produce his tax returns in their entirety, but he may redact social security numbers, EINs, and names of dependents. If tax returns for Summit Ventures do not exist for certain years, Plaintiff should clearly state as such under oath in his responses to Defendant's requests for production.

### 2. **Profit and Loss Statements/Bank Records**

Defendant requests that Plaintiff produce profit and loss statements and bank records for Summit Ventures as well as Plaintiff's personal bank records. Defendant merely states that she requests such information for the purpose of verifying Plaintiff's income tax returns and his income. *See* Reply (ECF No. 77), 2. Defendant alleges that Plaintiff committed fraud by making representations regarding real property that he sold to Defendant. Defendant requests Plaintiff's personal bank records and the bank records of Summit Ventures and various trusts because her tax consultant has identified issues in the tax returns, but provides no further explanation. She further argues that a lack of bank records would show that Defendant's property sales are fraudulent and would support her defense to Plaintiff's defamation claim. The relevance of the profit and loss statements and bank records is not readily apparent and Defendant does not sufficiently set forth how they are relevant to her claims or defenses. The Court, therefore, denies Defendant's motion to compel responses to her requests for production as to the profit and loss statements and bank records without prejudice.

### 3. **Advertisements and Communications**

Defendant requests that Plaintiff produce "any and all advertisements you have caused to be published in any medium including but not limited to radio, television, internet, newspaper, and/or billboards." *See* Request for Production No. 20 (ECF No. 61), 4. Defendant requests that Plaintiff "provide a copy of any and all communications which indicated that a person was interested in retaining your services, buying property through you, and/or buying your video training DVD, and then failed to proceed further with said transaction because of the statements you attribute to the

Defendant." *See Request for Production No. 28*, (ECF No. 61), 5.  Plaintiff objects to these requests as overly broad, burdensome, vague, ambiguous, and irrelevant.  Plaintiff states that he has been paying for advertisements since 1987 and does not keep advertisements.

"Generally, a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad." *Sanchez Ritchie v. Sempra Energy*, 2015 WL 12914435, at *2 (S.D.Cal. March 30, 2015) (citing *Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 625 (D.Kan. 2014); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541–542 (D.Kan. 2006). Defendant's Request for Production No. 20 is limited to advertisements Plaintiff published from 2012 to the present.  "[A] party need not have actual possession of documents to be deemed in control of them." *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998).  A party that has a legal right to obtain certain documents is deemed to have control of the documents. *Id.*  Plaintiff is instructed to supplement his response to Defendant's Request for Production No. 20 and he must make a reasonable attempt to obtain such documents if he is not in physical possession of them.  If Plaintiff does not have responsive documents, he must provide an explanation of the search he conducted for responsive documents.

Plaintiff objected to Defendant's Request for Production No. 28 and stated that people do not purchase property "through Plaintiff."  Defendant clarified that she is referring to communications with people who were going to utilize Plaintiff's services or buy property from him.  Such request is relevant to Plaintiff's claims and Plaintiff is instructed to supplement his response as to Defendant's clarification for Request for Production No. 28.  If such communications or documents do not exist, Plaintiff should clearly state as such under oath in his responses.

### 4. Property Records

Defendant requests that Plaintiff produce "any and all property records and recorded deeds for Plaintiff's property sales, and ownership info."  Plaintiff objects to this request as overly broad, burdensome, irrelevant, vague, and as an invasion of privacy.  Plaintiff argues that Defendant is able to search public records and that he has sold thousands of properties over 18 years in 16 to 20 different states.  This request is relevant to Plaintiff's claims of defamation and Defendant's defenses to such claims.  The Court, however, limits this request to property records for property that Plaintiff

has sold within the last 5 years and Plaintiff is instructed to supplement his responses. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (ECF No. 37) and Motion to Compel (ECF No. 75) is **granted**, in part, and **denied**, in part. Plaintiff is ordered to respond and/or supplement his responses to Requests for Production Nos. 1, 11, 20, 28, and 38 in accordance with the foregoing provisions of and as modified in this order. Plaintiff shall serve his responses to these discovery requests within fourteen (14) days of the filing of this order.

DATED this 17th day of January, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge