UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH DINKINS,

Plaintiff,

v.

GERALDINE SCHINZEL,

Defendant.

Case No. 2:17-cv-01089-JAD-GWF

**ORDER**

This matter is before the Court on Defendant's Motion for Stay of Magistrate Judge's Order (ECF No. 89), filed on February 2, 2018. To date, Plaintiff has not filed an opposition to this motion and the time for response has now expired. Also before the Court is Plaintiff's Motion for Sanctions (ECF No. 90), filed on February 2, 2018. Defendant filed her Response (ECF No. 93) on February 8, 2018 and Plaintiff filed his Reply (ECF No. 95) on February 14, 2018.

Plaintiff served requests for production regarding Defendant's tax returns and filed his motion to compel regarding her deficient responses. On January 18, 2018, the Court granted, in part, Defendant's motion to compel and instructed Defendant to produce her 2015 and 2016 tax returns. *See* ECF No. 84. On January 29, 2018, Defendant filed her objection (ECF No. 86) to the Court's Order. Defendant requests a stay of the Court's Order instructing her to produce her tax returns until the Plaintiff's punitive damage claim survives a dispositive motion. Defendant argues that Plaintiff has a propensity to publish personal information on the internet and seeks a stay of the Court's Order to prevent Plaintiff from posting her tax returns on the internet. Plaintiff requests sanctions pursuant to Fed. R. Civ. P. 37 for Defendant's failure to comply with the Court's Order. Plaintiff argues that Defendant's failure to produce her tax returns has delayed the case and requests an order striking Defendant's Answer and Counterclaims and enter default judgment in favor of Plaintiff.

1

The Court denies Defendant's request for a stay of the Court's Order pending a ruling on dispositive motions. The Court will not preclude discovery of relevant financial information and a prima facie dispositive motion determination is not warranted. The Court will, however, enter a protective order regarding Defendant's tax returns and other relevant financial information. Defendant may redact personal identifying information such as EINs, social security numbers, dates of birth, and names of dependents. Plaintiff shall limit his use of Defendant's produced financial information solely for purposes of this case. Plaintiff shall not publish Defendant's financial information directly or indirectly on the internet or produce her financial information to third parties.

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). Plaintiff did not suffer prejudice that would warrant an award of sanctions against Defendant. The Court, therefore, denies Plaintiff's request for sanctions. Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion for Stay of Magistrate Judge's Order (ECF No. 89) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 90) is **denied**.

Dated this 7th day of March, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE