UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH DINKINS,

        Plaintiff,

v.

GERALDINE SCHINZEL,

        Defendant[s].

Case No. 2:17-cv-01089-JAD-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 87), filed on February 1, 2018. Defendant filed her Response (ECF No. 92) on February 7, 2018 and Plaintiff filed his Reply (ECF No. 94) on February 14, 2018. Also before the Court is Plaintiff's Motion for Sanctions (ECF No. 96), filed on February 20, 2018. Defendant filed her Response (ECF No. 97) on February 26, 2018 and Plaintiff filed his Reply (ECF No. 99) on March 1, 2018.

**I.    Motion to Compel**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

The party opposing discovery has the burden of showing that it is irrelevant, overly broad, or unduly burdensome. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D.Ind. 2000); *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at *4 (D.Nev. Jan. 5, 2016); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 593532, at *2 (D.Nev. Feb. 11, 2016). When a request is overly

broad on its face or when relevancy is not readily apparent, however, the party seeking discovery has the burden to show the relevancy of the request. *Desert Valley Painting & Drywall, Inv. v. United States*, 2012 WL 4792913, at *2 (D.Nev. Oct. 9, 2012) (citing *Marook v. State Farm Mut. Auto. Ins. Co.* 259 F.R.D. 388, 394-95 (N.D. Iowa 2009)).

### A. Requests for Production

Plaintiff requests an order compelling Defendant to respond to his fifth set of requests for production, third set of requests for admission, and third set of interrogatories. Plaintiff requests documents regarding Defendant's purchase of real property, copies of internet posts, phone records, and text messages. Defendant argues that she has already provided all responsive documents to Plaintiff's Request for Production Nos. 4, 9, and 16. Defendant objects to Plaintiff's Request for Production No. 13, which seeks the production of "copies that Plaintiff was the first one to post information about your mother's death on the internet." *See Motion to Compel* (ECF No. 87), 8. Although unclear, Plaintiff appears to inquire about all internet posts related to Defendant's deceased mother. Such request appears to be tenuously related to the claims or defenses of this case and it is not proportional to the needs of this case. Defendant, therefore, is not required to answer Request for Production No. 13.

### B. Requests for Admission

Plaintiff's Requests for Admission Nos. 101, 102, 103, 104, 106, 109, 111, and 112 are related to whether Defendant posted on the internet 12 days after her mother's death. Defendant objects to these requests as irrelevant, harassing, repetitive, and as an intrusion of privacy. Plaintiff argues that these requests are relevant to Plaintiff's defamation and intentional infliction of emotional distress claims. However, the relevancy of such requests are not readily apparent. Plaintiff's argument that such request is related to Defendant's "extreme behavior" and that it is an element of his intentional infliction of emotional distress claim is baseless. *See Motion to Compel* (ECF No. 87), 12. Further, Plaintiff fails to articulate how such requests are related to his defamation claim. Therefore, Defendant is not required to answer Requests for Admission Nos. 101, 102, 103, 104, 106, 109, 111, and 112. Plaintiff's Request for Admission No. 166 asks Defendant to admit that a copy of Defendant's mother's obituary is true and accurate. Plaintiff

argues that such request is relevant to the claims and defenses in this case, specifically Defendant's invasion of privacy claim. Such request is relevant to Plaintiff's defense. Accordingly, Defendant is instructed to answer Request for Admission No. 166 no later than 14 days following the issuance of this order.

Plaintiff's Requests for Admission Nos. 120, 121, and 170 are unclear and inartfully worded such that Defendant cannot reasonably determine what is asked to admit or deny. If Plaintiff wishes to clarify and serve amended requests for admission, he may do so in accordance with the Federal Rules of Civil Procedure.

### C. Interrogatories

Plaintiff's Interrogatory No. 19 asks Defendant to "identify all properties you contend that Plaintiff fraudulently sold that were owned by other people at the time he sold them, and identify related documents and dates of transactions, parcel numbers for each property, and the County where the property is located." *See Motion to Compel* (ECF No. 87), 15. Defendant objects to this interrogatory as containing multiple subparts and instructs Plaintiff to see documents previously provided. She, however, does not seem to argue that this interrogatory surpasses the amount permitted by the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory as overbroad. Such interrogatory is not overbroad as Defendant is not required to identify properties that are not relevant to this case. Although Defendant may refer Plaintiff to produced documents, she is instructed to provide a substantive response to Plaintiff's Interrogatory No. 19 no later than 14 days following the issuance of this order.

Plaintiff's Interrogatory No. 22 asks Defendant to "[d]escribe in detail how you allege Plaintiff sold properties that he did not own from beginning to end." Defendant objects to this interrogatory as vague and overbroad. Plaintiff appears to inquire as to the process in which Plaintiff sold property as alleged by Defendant. *See Reply* (ECF No. 94), 10. With such clarification, Defendant is instructed to respond to Interrogatory No. 22 no later than 14 days following the issuance of this order.

**II.     Motion for Sanctions**

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). Plaintiff requests sanctions against Defendant for Defendant's failure to comply with the Court's Order instructing Defendant to supplement her responses to written discovery. Defendant represents that she has served the supplemental responses on Defendant on February 22, 2018 and February 23, 2018. Plaintiff did not suffer prejudice that would warrant an award of sanctions against Defendant. The Court, therefore, denies Plaintiff's request for sanctions. Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Compel (ECF No. 87) is **granted**, in part, and **denied**, in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 96) is **denied**.

Dated this 19th day of March, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE