**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Kenneth Dinkins,

    Plaintiff/Counterdefendant

v.

Geraldine Schinzel,

    Defendant/Counterclaimant

Case No.: 2:17-cv-01089-JAD-GWF

**Order Overruling Defendant's Objections as Moot and Affirming Magistrate Judge's Order**

[ECF Nos. 84, 86]

    Geraldine Schinzel claims that Kenneth Dinkins defrauded her in a land-sale deal, and she has published her colorful theories about Dinkins on the internet.[1] When Dinkins sued Schinzel, claiming that she defamed him, damaged his business reputation, and caused him emotional distress, Schinzel counterclaimed on fraud, contract, and defamation theories. Schinzel claims that, after defrauding her in the real-estate transaction, Dinkins defamed her on YouTube and elsewhere.[2] A discovery dispute arose, Judge Foley resolved it in Dinkins's favor, and Schinzel challenges that ruling.

    Schinzel objects to the portion of Magistrate Judge Foley's order granting Dinkins's motion to compel production of Schinzel's 2015 and 2016 tax returns.[3] Schinzel originally objected to the request as "not reasonably calculated to lead to the discovery of admissible evidence" and stating that "such production would give more information to [Dinkins] so that he could continue to stalk and harass" Schinzel.[4] In his motion to compel, Dinkins contended that because Schinzel alleges damages relating to the financial harm to her reputation she contends Dinkins caused, her "income before and after the event will give information as to the damages

---

[1] ECF No. 1.

[2] ECF No. 21.

[3] ECF Nos. 84 (order), 86 (objections).

[4] ECF No. 66 at 7.

1

[she] allegedly sustained."[5] In response, Schinzel argues that her income was irrelevant to Dinkins's claims and her counterclaims, and reiterated that Dinkins seeks the returns only to harass Schinzel.[6] Judge Foley granted Dinkins's motion, finding that Schinzel's tax returns are "relevant to her claim for damages."[7]

Schinzel objects to Judge Foley's determination. She contends that throughout this litigation, Dinkins has engaged in conduct designed to harass and intimidate her. She states that "there is the very real danger that Dinkins may publish Schinzel's tax returns on the internet since he is so fond of using the internet to harass her."[8] But Schinzel does not request that I reverse Judge Foley's order compelling production of the returns. Instead, she asks that I either delay the production until "a decision is made determining whether Dinkins's punitive damages claim survives" or enter a protective order prohibiting Dinkins from providing Schinzel's tax returns to any third party not directly involved in this case.[9] Neither of these requests were mentioned in the original briefing before Judge Foley.[10]

Four days after Schinzel filed this objection, she filed another motion asking Judge Foley to stay his order compelling production of the tax returns until I enter a ruling on Schinzel's punitive damages or I rule on his objections.[11] Judge Foley declined to do so, stating that he "will not preclude discovery of relevant financial information and a prima facie dispositive motion determination is not warranted."[12] But he did enter a protective order prohibiting Dinkins from publishing Schinzel's financial information on the internet or giving it to third

---

[5] ECF No. 66 at 8.

[6] ECF No. 67 at 3.

[7] ECF No. 84.

[8] ECF No. 86 at 2.

[9] *Id.* at 3.

[10] *See* ECF No. 67.

[11] ECF No. 89.

[12] ECF No. 100 at 2.

parties.[13]  Schinzel did not file objections to or seek reconsideration of Judge Foley's protective order.

It appears that there is nothing left for me to rule on here.  Judge Foley already entered a protective order at Schinzel's request and denied her request for a stay pending my ruling or an order on a dispositive motion.  She didn't object to Judge Foley's ruling on the precise issues she now asks me to consider.  So I overrule Schinzel's objections as moot and affirm Judge Foley's order compelling her to produce her 2015 and 2016 tax returns.

Accordingly, IT IS HEREBY ORDERED THAT Schinzel's objections **[ECF No. 86] are OVERRULED as moot** and Judge Foley's order granting in part Dinkins's motion to compel **[ECF No. 84] is AFFIRMED.**

Dated: June 12, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[13] *Id.*