Kenneth Dinkins,

     Plaintiff

v.

Geraldine Schinzel,

    Defendant

—————————————————————

All related claims

Case No.: 2:17-cv-01089-JAD-EJY

**Order Granting in Part Motions
for Sanctions for
Violation of Court Order**

[ECF Nos. 141, 142]

Pro se plaintiff Kenneth Dinkins brings this action against pro se defendant Geraldine Schinzel[1] for libel per se.[2]  Schinzel filed counterclaims against Dinkins for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and libel per se.[3]  Both parties' claims arise from events that allegedly transpired in the wake of Dinkins's sale of land in Arizona to Schinzel on the electronic marketplace, eBay.[4]

In my ruling on both parties' motions for summary judgment, I ordered a mandatory settlement conference, which occurred on March 8, 2019, in front of Magistrate Judge George

---

[1] Schinzel was initially represented by counsel until June 4, 2018, when Magistrate Judge George Foley granted defense counsel's motion to withdraw.  ECF No. 122.  Since that time, Schinzel has proceeded pro se.

[2] ECF No. 1.  Dinkins initially brought four other claims (defamation, intentional infliction of emotional distress, tortious interference with a business relationship, and civil assault), but I granted Schinzel's motion for summary judgment as to those four claims, leaving libel per se as Dinkins's only pending claim.  ECF No. 136.

[3] ECF No. 70 at 20–24.  Schinzel initially brought one other counterclaim (public disclosure of private facts), but I granted Dinkins's motion for summary judgment as to that claim, leaving her other four counterclaims as the only ones pending.  ECF No. 136.

[4] ECF Nos. 1, 70.

Foley.[5]  No settlement was reached,[6] so Judge Foley ordered the parties to file a joint proposed

pretrial order (or, alternatively, a status report if the parties were unable to agree to a joint

proposed pretrial order).[7]  Dinkins alleges that he drafted an individual proposed pretrial order

and sent it to Schinzel, but that Schinzel failed to respond or provide her own proposed pretrial

order.[8]  Dinkins further alleges that he followed up with Schinzel twice regarding the proposed

pretrial order, once via e-mail and a second time via phone, but that she has not responded.[9]

Schinzel has not appeared in this case since participating in the mandatory settlement conference

on March 8, 2019.[10]

As a sanction for Schinzel's failure to comply with Judge Foley's order, Dinkins moves

to strike/dismiss Schinzel's amended answer and counterclaims and for default judgment on his

claims against Schinzel.[11]  Both motions are unopposed.[12]  Because Dinkins has established that

Schinzel has ceased to participate in this case and violated a court order, he has shown that

claim-terminating sanctions are appropriate here.  But because he has not yet shown what

remedy, if any, is appropriate for his affirmative claim against Schinzel, I strike Schinzel's

answer and enter only default against her—not default judgment—on Dinkins's claim.  Dinkins

---

[5] ECF Nos. 136 (ordering mandatory settlement conference), 138 (minutes of proceedings).

[6] ECF No. 138.

[7] ECF No. 139.

[8] ECF No. 141 at 2–3.

[9] *Id.*

[10] *See* ECF No. 143 (notice of non-opposition to motion to strike/dismiss and motion for default judgment).

[11] ECF Nos. 141, 142.

[12] ECF No. 143.  Local Rule 7.2(d), which allows the court to deem the failure to oppose certain motions as consent to granting them, provides an additional basis for granting this relief.

will need to demonstrate with a properly supported motion for default judgment what remedy he is entitled to.

**Discussion**

**A.      Motion to Dismiss/Strike [ECF No. 141]**

Under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court."[13]  "District courts [also] have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal . . . [d]ismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."[14]  One such circumstance is if a party "fail[s] to comply with pretrial procedures mandated by local rules and court orders."[15]  In determining whether dismissal is a proper sanction, courts must "weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."[16]

Dinkins has demonstrated that these factors weigh in favor of dismissing Schinzel's counterclaims, striking her answer, and entering default against her on Dinkins' lone pending libel per se claim.  Schinzel did not comply with Judge Foley's order, failed to participate in the proposed pretrial order process in any way, stalling this litigation and requiring Dinkins to seek court intervention.  Indeed, it does not appear that she has participated in this case at all in nearly nine months.  The first, second, third, and fifth factors all weigh in favor of the sanctions that

---

[13] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[14] *Thompson*, 782 F.2d at 831 (citations omitted).

[15] *Id.* (citations omitted).

[16] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Dinkins seeks, and together they outweigh the public policy favoring resolving disposition of cases on their merits here.

**B.      Motion for default judgment [ECF No. 142]**

But Dinkins has shown that only default—not default *judgment*—is warranted.  He has not identified the universe of remedies available for his libel claim, let alone demonstrate which, if any, should be granted here.  So, I enter default against Schinzel, but I do not enter default judgment.  If Dinkins wants the court to enter default judgment, he will need to discuss the seven factors outlined by the Ninth Circuit in *Eitel v. McCool* for evaluating the propriety of default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of
> plaintiff's substantive claim; (3) sufficiency of the complaint; (4)
> the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due
> to excusable neglect; and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the
> merits.[17]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Dinkins's motion to dismiss **[ECF No. 141] is GRANTED**; **the Clerk of Court is directed to STRIKE Defendant Geraldine Schinzel's answer [ECF No. 70], DISMISS her counterclaims, and ENTER DEFAULT against Schinzel on Dinkins's lone remaining libel per se claim.**

IT IS FURTHER ORDERED that Dinkins's motion for default judgment **[ECF No. 142]**

---

[17] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

1  **is DENIED without prejudice** to his ability to file a proper motion for default judgment that

2  discusses the *Eitel* factors and their application in this case.

3  _____
   U.S. District Judge Jennifer A. Dorsey

4  December 12, 2019