1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    Kenneth Dinkins,                                      Case No.: 2:17-cv-01089-JAD-EJY

4              Plaintiff

5    v.                                                    **Order Granting Plaintiff's Motion for**
                                                           **Default Judgment and Closing Case**
6    Geraldine Schinzel,
                                                                   [ECF No. 147]
7              Defendant

8          Pro se plaintiff Kenneth Dinkins seeks default judgment against pro se defendant

9    Geraldine Schinzel for libel per se.  When Schinzel failed to comply with a court order after the

10   parties' settlement conference, I ordered default be entered against her and granted Dinkins the

11   opportunity to move for default judgment under Federal Rule of Civil Procedure 55.[1]  Because

12   Dinkins's claim satisfies the factors outlined in *Eitel v. McCool*,[2] I grant his motion, award him

13   $43,000 in general damages, and close this case.

14                                           **Background**

15         After a real-estate deal between Schinzel and Dinkins went sour, Schinzel published

16   libelous statements about Dinkins and his business on the internet.[3]  In January 2019, I resolved

17   the parties' cross-motions for summary judgment, ordered them to attend a settlement

18   conference, and—within ten days of the conference—to file a joint pretrial order.[4]  The parties

19   failed to settle their dispute,[5] and Schinzel stopped appearing in this litigation, ignoring

20

21   [1] ECF No. 145 (default order).

     [2] *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).
22
     [3] ECF No. 1 at ¶¶ 22–24, 64.

23   [4] ECF No. 136.

     [5] ECF No. 138.

Dinkins's attempts to prepare the joint pretrial order and failing to file her own.[6]  Based on Schinzel's apparent refusal to comply with my order and upon Dinkins's motion, I entered default against her, dismissing her counterclaims, striking her answer to Dinkins's complaint, and authorizing Dinkins to file a motion for entry of default judgment.[7]  Like his motion for default,[8] Dinkins's motion for default judgment is unopposed.

## Discussion

### A.    Default-judgment standard

Federal Rule 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on defendant's failure to defend.  The court has discretion to enter a default judgment,[9] which is guided by the seven factors outlined in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[10]

As default has already been entered in this case, I must take the complaint's factual allegations as true, except those relating to damages.[11]  "[N]ecessary facts not contained in the pleadings, and

---

[6] ECF Nos. 141–43.

[7] ECF No. 145.

[8] ECF No. 143.

[9] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[10] *Eitel*, 782 F.2d at 1471–72.

[11] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

claims [that] are legally insufficient, are not established by default."[12]   The court reserves the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[13]

**B.   *Eitel* factors**

Dinkins has satisfied the procedural requirements for default judgment and shown that the *Eitel* factors merit entry of default judgment against Schinzel.

### 1.   Prejudice to plaintiff

The first *Eitel* factor considers whether Dinkins will suffer prejudice if a default judgment is not entered.[14]   Schinzel has failed to defend the lawsuit and ignored court orders. Absent entry of default judgment, Dinkins will suffer prejudice because he will have no other means to litigate his claim.[15]   This factor weighs in Dinkins's favor.

### 2.   The claim's merits and the complaint's sufficiency

The second and third *Eitel* factors focus on whether Dinkins has stated a claim under which he can recover.[16]   For Dinkins to succeed on his sole remaining claim of libel per se, he must prove (1) "a false and defamatory statement;" (2) "an unprivileged publication to a third person;" (3) "fault, amounting to at least negligence;" and (4) "actual or presumed damages."[17] The statement must be in writing and, if it communicates "a person's lack of fitness for trade,

[12] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[13] *See* Fed. R. Civ. P. 55(b)(2).

[14] *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

[15] *Id.* at 1177 ("Potential prejudice to Plaintiffs favor granting a default judgment.  If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

[16] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[17] *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009).

business, or profession, or tends to injure the plaintiff in his or her business," damages are presumed.[18]  Generally, "only assertions of fact, not opinion, can be defamatory."[19]  But "expressions of opinion may suggest that the speaker knows certain facts to be true or may imply that facts exist [that] will be sufficient to render the message defamatory if false."[20]

Dinkins's complaint allegations, taken as true, state a claim for libel per se.  Dinkins alleges that Schinzel published multiple false and defamatory statements about him on ripoffreport.com, calling him a "scam artist," a "theif [sic]," "a pathological lier [sic][,] and a vulger [sic] low life that prays [sic] on trusting individuals."[21]  She also accused Dinkins of "running a criminal enterprise," claimed that he "stalks" others, had "no license of any kind," ran a real-estate website teaching others to "scam," and she asserted that he is "being investigated for selling vacant land illegally across state lines."[22]  Dinkins alleges that Schinzel knew these claims were untrue when she made them.[23]  Finally, Dinkins claims that these defamatory remarks damaged his business as both a real-estate investor and a real-estate investing coach.[24]  So this factor weighs in favor of entering a default judgment against Schinzel.

---

[18] *Id.*

[19] *Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001).

[20] *Id.* (citation omitted).

[21] ECF No. 1 at ¶¶ 22–24, 64.

[22] *Id.* at ¶ 24, 26.

[23] *Id.* at ¶¶ 30, 60.

[24] *Id.* at ¶¶ 53–54.

4

### 3.     Sum of money at stake

Under this factor, the court generally considers the amount of money at stake in relation to the seriousness of the defendant's conduct.[25]  For a libel per se claim, Dinkins is entitled to presumed, general damages, largely because of the "impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, loss of business, and any consequential physical illness or pain."[26]  However, such damage claims must "still be supported by competent evidence."[27]

Dinkins maintains that he is entitled to $300,000, which is the sum of his allegedly lost business revenue and the cost of hiring a professional company to repair his online reputation.[28]  Dinkins's estimates about his lost revenue are speculative at best.[29]  He does not provide evidence of prior or lost sales,[30] but instead attaches alleged text and email conversations in which individuals decline to do business with him, citing their concerns about his reputation.[31]  Dinkins also attaches estimates from ReputationX and DMA, both of which perform search-

---

[25] *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's examination of damages, which involved a determination of whether plaintiff "only seeks contractual damages directly proportional to [defendant's] breach of the contracts") (internal quotation mark and citation omitted); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) ("[Courts consider] the amount of money at stake in relation to the seriousness of [defendant's] conduct.").

[26] *Bongiovi v. Sullivan*, 138 P.3d 433, 448 (Nev. 2006) (internal quotation marks and citation omitted).

[27] *Id.*

[28] ECF No. 147 at 8–12, Exs. K, L.

[29] Dinkins admits that it is "impossible" to know the extent of Schinzel's damage to his reputation or determine who would have bought properties from him, absent her libelous statements.  *Id.* at 11.

[30] Dinkins's estimates regarding property sale values fluctuate from $1,000 to $100,000, but he provides no evidence of past or future sales.  *See, e.g.*, *id.* at 9–10.

[31] *Id.*, Exs. G–I.

engine optimization to suppress negative online content and promote positive articles.[32]  DMA charges $18,000 per month for an indeterminate number of months, and caters to "celebrities" and "professional athletes."[33]  ReputationX requires an initial $3,000 investment, with an additional $5,000 per month, every month, for up to twelve months.[34]  Absent concrete evidence regarding Dinkins's lost revenues, anticipated or otherwise, or the need for DMA's "aggressive" services, I cannot authorize an award of $300,000—such an amount would be exceedingly harsh.[35]  But Dinkins has provided sufficient evidence warranting damages in the amount needed to hire ReputationX for eight months, for a total of $43,000.  So this factor weights in favor of awarding default judgment.

### 4.     Possibility of dispute over material facts

This *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. As I noted above, all well-pled facts in the complaint are taken as true.[36]  Because Schinzel has not opposed this motion, much less Dinkins's prior motion for default, there is little likelihood of dispute over material facts,[37] so this factor weighs in favor of entry of default judgment.

### 5.     Excusable neglect

Under this factor, I consider whether Schinzel's default may have resulted from excusable neglect.  Schinzel has not appeared in this case since participating in the mandatory

---

[32] *Id.*, Exs. K, L.

[33] *Id.*, Ex. L.

[34] *Id.* at 49.

[35] *Manuel v. Thomas*, 967 F.2d 588, 588 (9th Cir. 1992); *see also Chavan v. Cohen*, No. C13-01823, 2015 WL 4077323, at *5 (W.D. Wash. Jul. 6, 2015) (awarding plaintiff a reduced sum of identifiable damages to "avoid engaging in a speculative damages exercise.").

[36] *See supra* Section A.

[37] *See, e.g., Nev. Prop. 1, LLC v. Kiwibank Ltd.*, No. 2:19-cv-01121, 2020 WL 5633048, at *2 (D. Nev. Sept. 21, 2020).

settlement conference on March 8, 2019, roughly sixteen months ago.[38]   Since that date, Schinzel

has failed to file an individual or joint pretrial order, allegedly failed to respond to either of

Dinkins's overtures regarding the pretrial order, and failed to oppose Dinkins's motions to strike

her answer, dismiss her claims, and enter default against her.[39]   Schinzel has also failed to

oppose this motion for entry of default judgment.   She has demonstrated a habit of ignoring both

Dinkins and this court, so I can only conclude that her default was not the product of excusable

neglect.   This factor thus weighs in favor of entering default judgment against her.

**7.      Policy considerations**

Default judgments are generally disfavored because "[c]ases should be decided upon

their merits whenever reasonably possible."[40]   However, Schinzel's failure to appear in this

litigation after the settlement conference, or even prepare pretrial filings, seemingly precludes

adjudication on the merits.   And while this factor thus always weighs against entry of default

judgment, it does not preclude me from entering a default judgement.   Under these

circumstances, default judgment is warranted here.   Dinkins is entitled to a default judgment of

$43,000 against Schinzel for his libel per se claim.

---

[38] *See* ECF No. 143.

[39] *Id.*

[40] *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

**Conclusion**

IT IS THEREFORE ORDERED that Dinkins's motion for default judgment **[ECF No. 147] is GRANTED.**  The Clerk of the Court is directed to **ENTER FINAL DEFAULT JUDGMENT** in favor of Kenneth Dinkins and against Geraldine Schinzel in the total amount of $43,000 and **CLOSE THIS CASE.**

_____

U.S. District Judge Jennifer A. Dorsey

September 25, 2020