UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH DINKINS, | Case No. 2:17-cv-01089-JAD-EJY |
| Plaintiff, | |
| v. | ORDER |
| GERALDINE SCHNIZEL, | |
| Defendant. | |

Before the Court is Kenneth Dinkins' Motion to Show Cause.  ECF No. 152.  No response to this Motion was filed.

**I.   Background**

As stated in the Court's prior order (ECF No. 151), this matter arises from a real estate deal between Plaintiff and Defendant that soured ultimately resulting in a default judgment against the Defendant in the amount of $43,000.  ECF No. 148.  Defendant failed to satisfy the judgment and, in an attempt to collect on the judgment, Plaintiff served Defendant with various discovery requests.  ECF No. 150 at 2.  Plaintiff then filed a Motion to Compel Post-Judgment Discovery Reponses, which was granted February 5, 2021.  ECF No. 151 at 3.  Defendant failed to respond to Plaintiff's discovery as ordered by the Court and Plaintiff seeks an Order to Show Cause why Defendant should not be held in contempt for violating the Court's Order.  ECF No. 152.

**II.   Discussion**

Federal Rule of Civil Procedure 37 states that if a party fails to obey an order to provide or permit discovery, the court may treat "as contempt of court the failure to obey any order." FED. R. CIV. P. 37(b)(2)(A)(vii).  Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply.  *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).  "A court has wide latitude in determining whether there has been contemptuous defiance of its order."  *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).  The movant bears the burden of showing by clear and convincing

evidence that the nonmoving party violated a specific and definite order of the court. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party satisfies its burden of production, the burden then shifts to the nonmoving party to demonstrate why compliance could not be achieved. *Id.*

Here, Plaintiff has met his burden of demonstrating that Defendant violated a specific and definite order of the Court. Defendant did not respond to Plaintiff's Motion and, therefore, has offered no excuse for why compliance could not be achieved. As such, an Order to Show Cause why Defendant Geraldine Schinzel should not be held in contempt is properly issued. *Sprint Nextel Corporation v. Ace Wholesale, Inc.*, Case No. 2:14-cv-2119-RFB-VCF, 2016 WL 8376331, at *2 (D. Nev. Mar. 10, 2016) (internal citations omitted).

### III.  Order

Accordingly, IT IS HEREBY ORDERED that the Motion for an Order to Show Cause (ECF No. 152) is GRANTED.

IT IS FURTHER ORDERED that Geraldine Schnizel shall show cause why she should not be held in contempt of Court no later than **April 23, 2021**.

IT IS FURTHER ORDERED that Plaintiff **shall** ensure service of this Order on Geraldine Schnizel by immediately placing a copy of this Order in First Class U.S. Mail to Defendant at the address listed in the Court's CM/ECF system **within three (3) Court days of the date of this Order**.

Dated this 23rd day of March, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE