UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH DINKINS, | Case No. 2:17-cv-01089-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| GERALDINE SCHINZEL, | |
| Defendant. | |

Before the Court is Defendant Geraldine Schinzel's Response to the Court's March 23, 2021 Order to Show Cause (ECF No. 157); Defendant's Motion for a "30-day extension to retain pro bono counsel" (ECF No. 158); and Plaintiff Kenneth Dinkin's Motion to Strike Defendant's Motion for a 30-day extension (ECF No. 160). Plaintiff filed a reply to Defendant's response to the Court's Order to Show Cause. ECF No. 159. Defendant did not file a response to Plaintiff's Motion to Strike. *See* ECF No. 161 (Plaintiff's notice of non-opposition). The Court finds as follows.

**I.  BACKGROUND**

As stated in the Court's prior Order (ECF No. 151), this matter arises from a real estate deal between Plaintiff and Defendant that soured. After ruling on the parties' Motions for Summary Judgment (ECF No. 136), Judge Dorsey ordered the parties to participate in a settlement conference, which they did on March 8, 2019. ECF No. 138. No settlement was reached, and after the conference, Defendant stopped participating in this case. On December 12, 2019, Judge Dorsey granted Plaintiff's Motion for Default (ECF No. 145), and on September 25, 2020, she entered final default judgment in favor of Plaintiff and against Defendant in the total amount of $43,000 (ECF No. 148). On December 3, 2020, Plaintiff filed a Motion to Compel responses to post-judgment discovery requests he served on Defendant in October 2020, but to which he received no response. ECF No. 150. The undersigned granted Plaintiff's Motion and ordered Defendant to respond to the requests no later than March 5, 2021. ECF No. 151. On March 8, 2021, Plaintiff filed a Motion for an Order to Show Cause why Defendant should not be held in contempt of court, because she did

not comply with the Court's Order to respond to Plaintiff's discovery requests. ECF No. 152. The undersigned granted that Motion and ordered Defendant to show cause why she should not be held in contempt of court. ECF No. 153.

On April 22, 2021, Defendant filed a response to the Court's Order—her first appearance in this case since March 2019. ECF No. 157. She filed the same document as a Motion "for Stay for 30 days to allow time to retain pro bono counsel." ECF No. 158. Defendant states that she is not represented by counsel and has been "overwhelmed with this litigation, COVID-19, employment, family, and financial issues and did not pay attention to this legal proceeding as [she] should have." *Id*. at 1. Defendant requests this Court's leniency, and states that her brother-in-law has "agreed to have a member of his firm, Chapman Law Group, file a petition to be admitted to this court under LR IA 11-2 and represent me on a pro bono basis." *Id*. at 2. Defendant requests that the Court stay "these proceedings" for 30 days "to allow pro bono counsel time to file a petition for admission with the Court and if admitted to review the file and file whatever motion/pleadings that are appropriate with the Court." *Id*. Defendant also states that she filed answers to four sets of questions she received via email from Plaintiff. *Id*. at 2, 4.

Plaintiff responded with a Motion to Strike Defendant's request for a stay, arguing that the Motion was improperly filed and did not comply with local or federal procedural rules. ECF No. 160. Defendant did not file a response.

**II.     DISCUSSION**

    **A.     Plaintiff's Motion to Strike is granted.**

Plaintiff asks the Court to strike Defendant's motion for a stay. ECF No. 160. To date, no response to Plaintiff's Motion to Strike has been filed and the time to do so has passed. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Plaintiff's Motion to Strike may be granted on this basis alone.

Further, the Court has authority to strike an improper filing under its inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg.*

*Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In her Motion, Defendant fails to identify a valid reason she needs a stay to allow for identified counsel to enter an appearance in this case—something that counsel, if they meet the requirements for admission to this Court, can do at any point throughout these proceedings. Further, Defendant fails to identify what she seeks a stay from—the only active proceedings in this case arise from Plaintiff's post-judgment discovery efforts, which Defendant has demonstrated she is capable of answering without the assistance of counsel. In short, Defendant's Motion to Stay does not "state with particularity the grounds for seeking the order" or sufficiently "state the relief sought." Fed. P. Civ. P. 7(b)(1)(B) & (C). The Court therefore exercises its discretion to strike Defendant's Motion to Stay.

       **B.**      **Defendant shall respond to outstanding discovery within 30 days.**

In Defendant's response to the Court's March 23, 2021 Order to Show Cause, she indicates that she responded to some of Plaintiff's discovery requests, including Plaintiff's first and second sets of requests for admission and his second set of requests to produce. *See* ECF No. 157 at 2, 4. However, Plaintiff claims that Defendant has still not responded to his First Set of Interrogatories or First Set of Requests for Production. ECF No. 159 at 2.

Given Defendant's partial compliance with the Court's Order compelling discovery responses, the Court finds that civil contempt is not an appropriate remedy at this time. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("[S]ubstantial compliance with a court order is a defense to an action for civil contempt."). However, the Court orders Defendant to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, contained in Plaintiff's Motion to Compel (ECF No. 150 at 18–34), within 30 days. Defendant will be given no further extensions of time to complete this discovery.[1] If Defendant again fails to comply, the Court will hold Defendant in civil contempt, and may be required to pay a fine of up to $100 per day for each day she remains noncompliant.

---

[1] The Court recognizes that Defendant seeks to have counsel appear in this case. If her pro bono attorney meets the requirements of admission to this Court, he or she can file an application to appear pursuant to LR IA 11-2 (as it appears the attorney who agreed to represent her in this matter practices out of state)—or file a notice of appearance if already admitted to this Court—at any time. The Court will not grant further extensions based on the Defendant's representation status.

**III.     ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (ECF No. 160) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for 30 Day Extension to Retain Pro Bono Counsel (ECF No. 158) is STRUCK.

IT IS FURTHER ORDERED that Defendant **shall** respond to Plaintiff's outstanding discovery requests, as detailed in this Order, **on or before August 27, 2021**. No further extensions to respond will be granted. **Defendant's failure to comply may result in a fine of up to $100 per day for each day after August 27, 2021 that Defendant fails to respond**.

IT IS FURTHER ORDERED that Defendant **shall** file a notice certifying that she has complied with this Order upon serving Plaintiff with her discovery responses.

IT IS FURTHER ORDERED that, if Defendant fails to serve Plaintiff with her discovery responses by the date outlined in this Order, Plaintiff **shall** file a notice of noncompliance.

Dated this 27th day of July, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE