UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH DINKINS,<br><br>           Plaintiff,<br><br>v.<br><br>GERALDINE SCHINZEL,<br><br>           Defendant. | Case No. 2:17-cv-01089-JAD-EJY<br><br>**REPORT AND RECOMMENDATION** |

**I.  Brief Background**

The Court has before it Plaintiff/Judgement Creditor's Notice of Non-Compliance.[1] This Notice follows on the heels of the July 27, 2021 Order[2] denying Defendant Geraldine Schinzel's Motion for 30 Day Extension to Retain Pro Bono Counsel[3] and granting, in part, Plaintiff's Motion to Strike the same.[4] The July 27, 2021 Order required Defendant to respond to Plaintiff's outstanding discovery requests on or before August 27, 2021.[5] The Court advised Defendant that if she failed "to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, contained in Plaintiff's Motion to Compel (ECF No. 150 at 18-34), within 30 days" she would be held "in civil contempt" and potentially fined "up to $100 per day for each day she remain[ed] … noncompliant."[6] As of today's date, Defendant has not responded to Plaintiff's outstanding discovery and, therefore, she continues to be noncompliant with Court Orders.

**II.  Discussion**

Federal Rule of Civil Procedure 37(b)(2)(A)(vii) allows the Court to sanction a party for failure to comply with a discovery order, including treating that failure "as contempt of court …."

---

[1] ECF No. 163.
[2] ECF No. 162.
[3] ECF No. 158.
[4] ECF No. 160.
[5] *Id.*
[6] *Id.*

1

A fine and/or imprisonment may be imposed "as coercive sanctions to compel the contemnor to do what the law made it his duty to do."[7]

The statute delineating the powers of U.S. Magistrate Judges grants the authority to exercise contempt authority.[8]  Specific to this case is the power granted under Section 28 U.S.C. § 626(e)(6)(B)(iii) that allows a U.S. Magistrate Judge to "certify the facts to a district judge" and recommend "an order requiring" that the noncompliant party appear before that judge on a date certain to show cause why that party should not be held "in contempt by reason of the facts so certified."  Thereafter, "the district judge shall … hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before … [the] district judge."[9]

Here, the record is replete with evidence that Defendant repeatedly failed to comply with Court Orders.  On June 11, 2018, the Court entered an Order granting, in part, Plaintiff's Motion to Compel.[10]  On July 23, 2018, the Court entered an Order granting Plaintiff's Motion for Sanctions.[11]  On December 12, 2019, the Court entered another Order granting, in part, Plaintiff's Motion for Sanctions Based on Defendant's Violation of a Court Order.[12]  Noting that Defendant had not appeared in this matter since March 8, 2019, the Court also entered default against Defendant.[13]  On September 25, 2020, the Court entered default judgment against Defendant in the amount of $43,000.[14]  On February 5, 2021, the Court granted Plaintiff's Motion to Compel Post-Judgment Discovery[15] leading to an Order to Show Cause on March 23, 2021 requiring Defendant to respond and show cause why she should not be held in contempt by April 23, 2021.[16]

---

[7]  *See* § 703 Distinction from Civil Contempt, 3A Fed. Prac. & Proc. Crim. § 703 (4th ed.) (quoting *Penfield Co. v. Securities and Exchange Commission*, 330 U.S. 585, 590 (1947)); *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993); *Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996) (quoting *International Union, UMW v. Bagwell*, 512 U.S. 821 (1994) (contempt fines are issued to "coerce the defendant into compliance with the court's order, [or] ... compensate the complainant for losses sustained.").
[8]  28 U.S.C. § 636(e)(6)(B)(1).
[9]  *Id*.
[10]  ECF No. 123.
[11]  ECF No. 128.
[12]  ECF No. 145.
[13]  *Id*.
[14]  ECF No. 149.
[15]  ECF No. 151.
[16]  ECF No. 153.

On April 22, 2021, more than two years after Defendant last appeared in this matter, she filed a response to the OSC seeking a 30 day stay "to allow pro bono counsel time to file a petition for admission with the Court and if admitted to review the file and file whatever motion/pleadings that are appropriate with the Court."[17] On July 27, 2021, the Court denied Defendant's Motion seeking a stay because Defendant failed to identify from what she sought a stay as "the only active proceedings in this case" arose from Plaintiff's post-judgment discovery efforts that Defendant demonstrated she could answer without the assistance of counsel.[18] The Court found that Defendant's Motion to Stay did not "state with particularity the grounds for seeking the order" or sufficiently "state the relief sought."[19] The Court simultaneously granted Plaintiff's Motion to Strike Defendant's request for the stay.[20]

The Court ordered Defendant to respond to Plaintiff's outstanding discovery requests on or before August 27, 2021, advised no further extensions to respond would be granted.[21] And, the Court made clear that Defendant's failure to comply with the Court's Order would result in a civil contempt finding and a potential "fine of up to $100 per day for each day after August 27, 2021 that Defendant fail[ed] … to respond" to Plaintiff's long outstanding discovery.[22] Between April 22 and July 27, 2021 no counsel applied for *pro hac vice* admission on behalf of Defendant, Defendant did not notify the Court that she fully responded to Plaintiff's outstanding discovery, and there is no evidence Defendant satisfied the judgment.

The undersigned certifies the above facts regarding the history of this case.

**III.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that the Court issue an Order to Show Cause why Defendant Geraldine Schnizel should not be held in civil contempt.

IT IS FURTHER RECOMMENDED the District Court require Defendant to appear on a date certain, in person or by video conference, to respond to the District Judge's Order.

---

[17]   ECF No. 158.
[18]   ECF No. 162.
[19]   *Id*.
[20]   *Id*.
[21]   *Id.*
[22]   *Id*.

IT IS FURTHER RECOMMENDED that if Defendant fails to appear before the District Court on the date set, that Defendant be adjudicated in contempt and a bench warrant be issued for her arrest.

Dated this 1st day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).