**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kenneth Dinkins,<br><br>    Plaintiff<br><br>v.<br><br>Geraldine Schinzel,<br><br>    Defendant | Case No.: 2:17-cv-01089-JAD-EJY<br><br>**Order Rejecting Report and Recommendation and Ordering Supplemental Briefing**<br><br>[ECF No. 164] |

    Pro se plaintiff Kenneth Dinkins filed this libel action against Geraldine Schinzel in 2017, alleging that Schinzel posted false statements about Dinkins's real-estate business online.[1] In 2018, Schinzel's counsel withdrew and she proceeded pro se, but largely stopped participating in this case in March 2019.[2] In September 2020, a $43,000 default judgment was entered against Schinzel.[3] In December, Dinkins filed a motion to compel responses to post-judgment discovery, arguing that he sought information to enable him to collect on the judgment, but Schinzel had not responded.[4] Magistrate Judge Elayna J. Youchah granted that motion and ordered Schinzel to respond to Dinkins's discovery requests by March 5, 2021.[5]

    That deadline passed with no response, so Dinkins moved for an order to show cause why Schinzel should not be held in contempt for failing to answer his discovery requests.[6] Judge Youchah granted Dinkins's motion and ordered Schinzel to show cause why she shouldn't be

---

[1] ECF No. 1.
[2] ECF No. 122; *see also* ECF No. 164 at 2.
[3] ECF No. 148.
[4] ECF No. 150.
[5] ECF No. 151.
[6] ECF No. 152.

held in contempt of court for violating the court's order compelling discovery responses.[7] Schinzel responded to the order—her first appearance in this case since March 2019—and explained that she was "overwhelmed with this litigation, COVID-19, employment, family, and financial issues," was proceeding pro se, and did not know how to respond to many of Dinkins's discovery requests.[8] She represented that she filed answers "to the four sets of questions" that Dinkins emailed her, informed the court that she may have found counsel to represent her, and asked the court to stay proceedings until her attorney could file a pro hac vice petition.[9] Dinkins replied, noting that Schinzel had still not responded to two of his discovery requests.[10]

      Judge Youchah found that civil contempt was not warranted at that time because Schinzel partially complied with her order compelling discovery and gave Schinzel 30 days to respond to Dinkins's outstanding discovery requests.[11] She warned that failure to comply could "result in a fine of up to $100 per day" for each day that Schinzel fails to respond after the deadline.[12] After that deadline passed, Dinkins filed a notice of non-compliance, explaining that he had not received any further responses from Schinzel.[13] In September 2021, Judge Youchah issued a report and recommendation finding that "the record is replete with evidence that [Schinzel has] repeatedly failed to comply with [c]ourt [o]rders," and she still hadn't responded to Dinkins's outstanding discovery requests, despite at least two orders directing her to do so.[14] Judge

---

[7] ECF No. 153.
[8] ECF No. 157.
[9] *Id.* at 1–2.
[10] ECF No. 159 at 2–3.
[11] ECF No. 162 at 3.
[12] *Id.* at 4.
[13] ECF No. 163.
[14] ECF No. 164 at 2–3.

Youchah recommends that I issue another order to show cause why Schinzel should not be held in civil contempt, set a hearing for Schinzel to respond, and, if Schinzel fails to appear, issue an bench warrant for her arrest.[15]  Schinzel did not object, and her deadline to do so has long since passed.

**Discussion**

After reviewing the record in this case, I agree with the magistrate judge that Schinzel has repeatedly failed to comply with court orders relating to post-judgment discovery in this case.  At this stage, however, it is unclear if the outstanding post-judgment discovery is necessary for Dinkins to collect the judgment that he is owed.  Both parties agree that Schinzel responded to four of Dinkins's requests, including two sets of requests for admission and two sets of requests for production of documents.[16]  But Dinkins only provided the court with copies of his first set of requests for admission, first set of requests for production, and first set of interrogatories.[17]  It's unclear whether Schinzel's responses to Dinkins's subsequent requests for production obviated the need for a response to the first set.  And now that Schinzel has provided some responses, I cannot determine whether Dinkins has received sufficient information to aid in the collection of the judgment as contemplated by Federal Rule of Civil Procedure (FRCP) 69.[18]  I hesitate to impose the harsh sanction of civil contempt if the remaining discovery is unnecessary or duplicative.

---

[15] ECF No. 164 at 3–4.

[16] ECF No. 157; ECF No. 159.

[17] *See* ECF No. 150.

[18] *See* Fed. R. Civ. P. 69(b) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from . . . the judgment debtor . . . as provided in these rules or by the procedure of the state where the court is located.").

So, I order Dinkins to file a supplemental brief explaining (1) what information he has obtained from Schinzel thus far, (2) what information he still seeks through the outstanding requests, and (3) why he needs that information to enforce a writ of execution against Schinzel in compliance with FRCP 69 and applicable state law.[19] And, for now, I reject the magistrate judge's recommendations to issue another order to show cause, set a hearing, or consider issuing a bench warrant for Schinzel's arrest.[20] But I do not excuse Schinzel's noncompliance. Once I have received Dinkins's supplemental briefing, I will determine the appropriate course of action. Of course, Schinzel may avoid possible sanctions by responding to discovery as ordered by the magistrate judge or by paying the judgment levied against her.

---

[19] Dinkins may attach Schinzel's responses, but if those responses contain sensitive, personally identifiable information (like social security numbers or bank account numbers), Dinkins must file those documents under seal with an accompanying motion to seal under Local Rule IA 10.5, or in a redacted form. The local rules can be found at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

[20] When reviewing a magistrate judge's report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**Conclusion**

**IT IS THEREFORE ORDERED** that the magistrate judge's report and recommendation **[ECF No. 164] is REJECTED**.

**IT IS FURTHER ORDERED** that plaintiff **Kenneth Dinkins must file a supplemental brief by August 31, 2022**, explaining (1) what post-judgment discovery he has obtained from Schinzel thus far, (2) what information he still seeks through his outstanding discovery requests, and (3) why he needs that information to enforce a writ of execution against Schinzel in compliance with Federal Rule of Civil Procedure 69 and applicable state law.

_____
U.S. District Judge Jennifer A. Dorsey
August 12, 2022